[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10408
Non-Argument Calendar

_____

D. C. Docket Nos.
06-01863-CV-RWS-1 & 05-79109-BKC-RE

In Re:  GLORIA P. COTTON


Debtor.

_____


GLORIA P. COTTON,

Plaintiff-Appellant,

versus

BARBARA B. STALZER,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 12, 2007)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

On July 10, 2006, Gloria P. Cotton, proceeding pro se, filed a notice of appeal in the district court, appealing an order of the bankruptcy court dismissing her bankruptcy case without prejudice. According to the record filed in the district court, the proceedings in the bankruptcy court were as follows.

On October 3, 2005, Cotton filed a petition for Chapter 13 bankruptcy relief. On December 5, 2005, she filed a motion for the voluntary dismissal of her petition. The court denied her motion and, instead, converted the Chapter 13 case to a Chapter 7 case. Cotton appealed that order to the district court.

While that appeal was pending, the bankruptcy court ordered Cotton to show cause why the Chapter 7 case should not be dismissed. The Chapter 7 Trustee objected to the dismissal, and Cotton's creditors opposed dismissal unless it was pursuant to Cotton's December 5 motion for voluntary dismissal. The court dismissed the Chapter 7 case without prejudice pursuant to Cotton's December 5 motion.

Cotton appealed the ruling on July 10, 2006, as noted above. Her brief to the district court argued, among other things, that the bankruptcy court erred in failing to stay proceedings pending the district court's disposition of her earlier

appeal of the denial of her motion to dismiss the Chapter 13 case.

The district court found that the bankruptcy court's dismissal of the Chapter 7 case mooted the issues Cotton was raising, and therefore denied her appeal. Cotton moved the court for reconsideration. The district court denied her motion, concluding that she had suffered no harm by the dismissal of the Chapter 7 case rather than the Chapter 13 case – since the dismissal was without prejudice. Cotton then appealed the denial to this court.

We granted Cotton leave to proceed in forma pauperis on the ground that her appeal was not frivolous; it was questionable whether the bankruptcy court had jurisdiction to dismiss the case while her appeal (of the order denying the motion for voluntary dismissal and the conversion of the Chapter 13 case to a Chapter 7 case) was pending in the district court.

In a recent bankruptcy case, we held that "the filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" In re Mosley, No. 06-10349, slip. op. at 3201 (11th Cir., Aug. 9, 2007). In this case, the bankruptcy court dismissed the Chapter 7 case while the appeal of its earlier order denying Cotton's motion for the voluntary dismissal of the Chapter 13 case and converting it to a Chapter 7 case was pending in the district court. Because we

3

believe that the <u>In re Mosley</u> rationale applies in the present context, we hold that the bankruptcy court lacked jurisdiction to enter the order of dismissal.

We therefore vacate the district court's order denying Cotton's appeal and remand the case for further consideration of that appeal by the district court.

SO ORDERED.